The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff, Irene Floyd Goodwin, filed a claim with the Industrial Commission on 13 May 1990 alleging that she sustained an injury to her left foot and left hip on 21 September 1989 while working as a beautician at Country Villa Rest Home.
2. Plaintiff's work as a beautician at said rest home involved some lifting and moving residents for the purpose of shampooing and performing other work on their hair. Plaintiff injured her left foot and left leg on 21 September 1989 as a result of having to use her left knee to hold a wheelchair in place while she was trying to apply a solution to the hair of an 85 year old resident who was actively resisting. Plaintiff began to feel pain in her left foot and hip area several days later and subsequently received medical treatment for this injury.
3. Plaintiff did not report her injury to anyone at Country Villa until she filed her Form 18, Notice of Accident to Employer in May 1990. Plaintiff worked at Country Villa from 7 March 1989 until her services were terminated by defendant on 28 September 1989. At the time of termination, plaintiff did not know the extent of her injuries.
4. Defendant, Country Villa Rest Home has denied that plaintiff was an employee covered by the provisions of their Workers' Compensation policy. Defendant asserts that plaintiff was an independent contractor.
5. According to the evidence presented:
 a) Plaintiff was engaged in an independent business; she was a licensed cosmetologist; she supplied her own materials and was free to hire her own assistants if she desired.
 b) Plaintiff used her special skills, knowledge and training in performing her work; she was not supervised or told by anyone at Country Villa how the work must be performed.
 c) Plaintiff was free to charge whatever price she deemed reasonable for her work. She was paid directly from the trust accounts of residents; not by Country Villa Rest Home. No taxes, social security or other deductions were taken out of her pay.
 d) Plaintiff was not required to perform her work according to any specifications from the defendant. It was expected, however, that the quality of plaintiff's work would be acceptable to the residents and their families.
 e) Although plaintiff usually worked on Tuesdays and Thursdays, she worked according to the number of residents who made appointments to see her and had no requirement to work a set time or set number of hours. She was free to refuse to perform work for residents who did not have the money to pay for her services.
 f) The rent-free space, sink, chair and mirror used by the plaintiff to perform her work was available for use by all residents and their families without charge.
 g) There was no employment contract between plaintiff and defendant.
 h) Country Villa provided no training or instruction on how plaintiff should perform her work.
 I) Country Villa did not retain control of, or attempt to control the manner or mode of plaintiff's work.
6. The procedure followed by plaintiff prior to beginning work was to obtain a list of those patients desiring beautician services; verify if the patients had enough money in their individual trust account to pay for services or verify through the patient or a family member how the bill would be paid and present a due bill to the bookkeeper, patient or family member after services were provided. The bookkeeper wrote separate checks from individual trust accounts to plaintiff based upon plaintiff's charges for the type of services provided.
7. Plaintiff was referred to Country Villa Rest Home by another cosmetologist who had been doing the same work previously.
8. Plaintiff's services were terminated by Country Villa due to complaints from family members of patients about how their hair was done and complaints from staff members about plaintiff's conduct toward them.
9. This case was previously set for hearing on 29 April 1992 in Rockingham. Prior to the hearing, an Order was issued by Deputy Commissioner Lawrence Shuping, Jr. dismissing this claim without prejudice based upon a telephone conversation he had with plaintiff wherein plaintiff advised him that she was contemplating dismissing her claim and based upon a letter from counsel for defendant verifying that plaintiff had also told him she was not doing to pursue her claim.
10. The Order of dismissal by Deputy Commissioner Shuping gave plaintiff one year to file a new claim based on the same cause of action. Said Order was filed 30 April 1992. Plaintiff filed a new claim with the Industrial Commission on 3 May 1993.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff was an independent contractor and not an employee of defendant, Country Villa Rest Home and the Industrial Commission has no jurisdiction to apply the Act to a person not included in the Act. N.C.G.S. 97-2 (4).
2. Even if the Industrial Commission had jurisdiction over this claim, plaintiff's action should be dismissed because it was not filed within one year after the entry of an Order dismissing the action without prejudice as required by the Order of Deputy Commissioner Shuping and Rule 613 of the Workers' Compensation Rules.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Plaintiff's claim against Country Villa Rest Home is DISMISSED for lack of jurisdiction.
2. The parties shall bear their own costs.
 S/ __________________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ __________________ THOMAS J. BOLCH COMMISSIONER
S/ __________________ EDWARD GARNER, JR. DEPUTY COMMISSIONER
CMV/cnp/tmd 5/25/95